IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EFFINGO WIRELESS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:11-cv-00649 |
| | § | |
| MOTOROLA MOBILITY HOLDINGS, INC., MOTOROLA MOBILITY, INC., and MOTOROLA SOLUTIONS, INC., | § § § | |
| | § | |
| Defendants. | | |

## COMPLAINT

Plaintiff, Effingo Wireless, Inc. ("Effingo" or "Plaintiff"), files this Complaint for patent infringement seeking damages from and injunctive relief against Defendants, Motorola Mobility Holdings, Inc., Motorola Mobility, Inc. and Motorola Solutions, Inc. (collectively "Motorola" or "Defendants"). This is an action for patent infringement under 35 U.S.C. § 101, et seq., including § 271.

## THE PARTIES

1. Effingo is a Texas corporation with its principal place of business at 314 East Commerce Street, Suite 401, San Antonio, Texas 78205.

2. Motorola Mobility Holdings, Inc. is a Delaware corporation having its principal place of business at 600 N. US Highway 45, Libertyville, Illinois 60048. Motorola Mobility Holdings, Inc. does business in this Judicial District and may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

3. Motorola Mobility, Inc. is a Delaware corporation having its principal place of business at 600 N. US Highway 45, Libertyville, Illinois 60048. Motorola Mobility, Inc. does business in this Judicial District and may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

4. Motorola Solutions, Inc., formerly known as Motorola, Inc., is a Delaware corporation having its principle place of business at 1303 El Algonquin Rd, Schaumburg, Illinois, 60196. Motorola Solutions, Inc. does business in this Judicial District and may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

5. Upon information and belief, in January 2011, Motorola Mobility Holdings, Inc. became an independent, publicly traded company as a result of Motorola, Inc.'s distribution of its shares of Motorola Mobility to Motorola, Inc. stockholders, and Motorola Mobility, Inc. is a wholly owned subsidiary of Motorola Mobility Holdings, Inc. Upon information and belief, in January 2011, Motorola, Inc. changed its name to Motorola Solutions, Inc. Substantial portions of the allegations contained herein relate to acts and incidents which occurred prior to the separation of Motorola Mobility Holdings, Inc. from Motorola, Inc. Hereinafter, Motorola Mobility Holdings, Inc., Motorola Mobility, Inc., and Motorola Solutions, Inc. are referred to collectively as "Motorola."

**JURISDICTION AND VENUE**

6. This Court has personal jurisdiction over Motorola because Motorola conducts substantial and continuous business in the State of Texas and in this District either directly or through one or more subsidiaries, affiliates, business divisions, business units, retailers, and/or vendors. Further, Motorola has purposefully directed its infringing activities as described below

to the residents of the State of Texas and this District by selling and offering for sale infringing products within the territorial limits of this District.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising under the patent laws of the United States of America.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b) because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred in this District, the Defendants are each subject to personal jurisdiction in this District, the Defendants have a regular and established place of business in this District, and/or the Defendants have committed acts of infringement in this District. In particular, Motorola has offered and sold infringing products in this judicial district.

## **FACTUAL BACKGROUND**

9. Effingo was founded in 2010 by William Ryann in order to manufacture and sell convenient, comfortable, ergonomic, affordable, and fashionable wireless earpiece assemblies invented by Mr. Ryann which are useful for listening to music, phone calls, and other transmitted or recorded sounds (the "Effingo Products"). The Effingo Products, which may be wirelessly coupled to mobile telephones, PDAs, MP3 players, iPods, or other audio sources, have a number of advantages related to the comfort and convenience of a user which are facilitated in part by displacement of a bulk of the assembly away from the ear of the user. The Effingo Products will allow a user to perform a number of actions hands-free and without the burden of wires running to an audio source. For example, a user might wirelessly listen to music stored on and played from an MP3 player or carry on a conversation via a cellular telephone held in the user's pocket.

10. Mr. Ryann filed several patent applications covering the Effingo Products and assigned those applications to Effingo. Mr. Ryann now serves as the President and Chief Executive Officer of Effingo.

11. Effingo is the owner by assignment of United States Patent No. 7,505,793 entitled "Wireless Earpiece Assembly" (the "'793 Patent"), which issued on March 17, 2009. A true and correct copy of the '793 Patent is attached hereto as Exhibit A. Mr. Ryann is the sole named inventor in the '793 Patent.

12. Within the last six (6) years, Motorola has made, used, sold, offered for sale, or imported within the United States wireless headset assemblies, including the Motorola S9, S9HD and Motorola S10HD products, that infringe the '793 Patent (the "Motorola Infringing Products"). Pictorial representations of certain Motorola Infringing Products are attached hereto as Exhibit B.

## CAUSE OF ACTION
### Infringement of United States Patent No. 7,505,793

13. Effingo incorporates by reference paragraphs 1 through 12 of this Complaint and realleges them as though fully set forth herein.

14. On information and belief, Motorola has been and is currently infringing one or more claims of the '793 Patent in violation of 35 U.S.C. § 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the discretion of equivalents, by making, using, selling, offering to sell, and/or importing Motorola Infringing Products that embody one or more claims of the '793 Patent within the United States without authority or license from Effingo.

15. In addition, on information and belief, Motorola has actively induced and is currently inducing the infringement of one or more claims of the '793 Patent in violation of

35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties to make, use, sell, offer to sell, and/or import devices or practice methods within the United States that it knew or should have known, but for its own willful blindness, would infringe the '793 Patent without license or authority from Effingo, and further alleges those third parties have infringed the '793 Patent.

16. In addition, on information and belief, Motorola is liable as a contributory infringer of the '793 Patent under 35 U.S.C. § 271(c) by offering to sell or selling in the United States or importing into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

17. As a direct and proximate result of Motorola's conduct, Effingo has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Effingo has also been damaged, and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

18. Upon information and belief, Motorola's infringement of the '793 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

19. Upon information and belief, Motorola's infringement of the '793 Patent is exceptional and entitles Effingo to attorney's fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## JURY DEMAND

20. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Effingo hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Effingo prays that judgment be entered in its favor and against Motorola for patent infringement and that the Court find and order as follows:

A. Judgment that Motorola has infringed, and/or has actively induced others to infringe, and/or has contributed to the infringement of, one or more claims of the '793 Patent;

B. A permanent injunction is to be issued enjoining and restraining Motorola and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert and participation with them, and each of them from making, using, selling, offering for sale, or importing any products, systems or methods which fall within the scope of the claims of the '793 Patent, and from inducing infringement or contributing to the infringement of any such claims by others;

C. Awards of damages be made against Motorola adequate to compensate Effingo for past infringement, together with interest and costs as fixed by the Court;

D. Judgment that Motorola's various acts of infringement have been willful and deliberate, and therefore Effingo is entitled to up to triple damages as provided by 35 U.S.C. § 284;

E. Judgment that Motorola's willful infringement renders this an exceptional case within the meaning of 35 U.S.C. § 285 and that Effingo is entitled to an award of its reasonable attorneys' fees and costs incurred in the prosecution of this action

F. Award to Effingo pre-judgment and post-judgment interest on its damages; and

G. Such other and further relief as the Court may deem just and proper.

Dated:	August 2, 2011	Respectfully submitted,

                                                    COX SMITH MATTHEWS INCORPORATED
112 E. Pecan Street, Suite 1800
San Antonio, Texas  78205
(210) 554-5500 (Phone)
(210) 226-8395 (Fax)


By:  /s/ J. Daniel Harkins
    J. Daniel Harkins
    State Bar No. 09008990
    Courtenay Brian Allen
    State Bar No. 24001638
    Derrick A. Pizarro
    State Bar No. 24032837
    Charles M. Salmon
    State Bar No. 24070547

*Attorneys for Plaintiff Effingo Wireless, Inc.*