## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **EFFINGO WIRELESS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:11-cv-00649-HLH** |
| | ) | |
| **MOTOROLA MOBILITY LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT MOTOROLA MOBILITY LLC'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, Ga 30309-4530
Telephone: 404-815-6500
Fax: 404-815-6555

Steven D. Moore
smoore@kilpatricktownsend.com
(*pro hac vice* admission)
Russell A. Korn
rkorn@kilpatricktownsend.com
(*pro hac vice* admission)
Joshua H. Lee
jlee@kilpatricktownsend.com
(*pro hac vice* admission)

SCOTT, DOUGLAS & MCCONNICO, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
Telephone: 512-495-6300
Fax: 512-474-0731

Steve McConnico
State Bar No.: 13450300
smcconnico@scottdoug.com
Paige Arnette Amstutz
State Bar No.: 00796136
pamstutz@scottdoug.com
Steve Wingard
State Bar No.: 00788694
swingard@scottdoug.com

*Attorneys for Defendant and Counterclaim
Plaintiff, Motorola Mobility LLC*

Defendant Motorola Mobility LLC ("Motorola") moves for summary judgment of non-infringement of claims 1–4, 7, 12–14, and 20–21 and invalidity of claims 12–14 of Plaintiff Effingo Wireless, Inc. ("Effingo")'s U.S. Patent No. 7,505,793 ("the '793 Patent").

## I.    Background Statement of Uncontested Facts

Effingo accuses a family of Motorola headphones—the S9, S9-HD, and S10-HD ("Accused Products")—of infringing claims 1–4, 7, 12–14, and 20–21 ("Asserted Claims") of the '793 Patent.[1]  *See* Dkt. No. 1; Lee Decl., Ex. 1 (the '793 Patent); Ex. 2 at p. 4.  The Accused Products are headphones having two speakers and a single unitary body that connects them.  *See, e.g.*, Lee Decl., Ex. 3 at MMI-EFF0006494–96. The headphones share a single set of components, such as the battery, located in a housing at the back of the headphones.  *See, e.g.*, Lee Decl., Exs. 3, 4; *see also* Ex. 5 at p. 31.  When worn, the housing extends away from the back of the user's head, as shown below on the left.  *See, e.g.*, Ex. 4 at MMI-EFF0000115–116.





*S9 Motorola Bluetooth® MotoManual*
Lee Decl., Ex. 4, at MMI-EFF0000116

*Ex. 6, Cummins Prior Art, Fig. 1*

Such headphone configurations were not new when Motorola initially designed the Accused Products in 2004.  For example, the prior art Cummins reference (shown above)

---

[1] As explained in more detail in Dkt. No. 40, at pp. 1–3, and Lee Decl., Exhibit 11, Motorola conceived of and developed the Accused Products before Effingo filed for the '793 Patent, and began selling the Accused Products several years before the '793 Patent issued.  Almost two years after the issuance of the patent, Effingo's owner learned of the Accused Products and promptly filed another patent application attempting to claim the structure of the Accused Products, but decided to file this lawsuit asserting the '793 Patent as well.

discloses a wireless headset whose components are housed in a rear housing located away from the ear and above the user's neckline when worn.  Lee Decl., Ex. 6; *see also* Beaman Decl. at ¶¶ 16–18; Lee Decl., Ex. 7 at 179:11–180:18.  It was also well known in the art to include an "actuator," such as an on-off switch or button, in a variety of places on headphones and headsets, at that time and before.  *See* Beaman Decl., ¶ 19; *see, e.g.*, Lee Decl., Exs. 8–11.

## II.    Argument

Summary judgment shall be granted where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Effingo, as the nonmoving party, must "come forward with 'specific facts showing that there is a genuine issue for trial'" to successfully oppose this motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### A.    The Accused Products Do Not Infringe the '793 Patent.

"To prove infringement, [Effingo] bears the burden of proof to show the presence of every element or its equivalent in the accused device." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011).  "If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000).  Where an independent claim is not infringed, any claims depending from that claim are also not infringed.  *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994).

#### 1.    The Accused Products Do Not Have a Discrete "Second Earpiece Assembly" With a Second Set of Components, as Claims 20 and 21 Require.

Claims 20 and 21 require "securing an ear support of a first earpiece assembly" and "securing an ear support of a ***second earpiece assembly***," wherein ***each assembly*** further

includes "… a casing for housing a plurality of components of the *respective* assembly…." The Court construed this claim language to mean "[t]wo *discrete* earpiece assemblies, each of which contain the following components: …." Dkt. No. 44 at p. 9 (emphasis added).

After the Court's construction, Effingo refused to drop its infringement claims regarding claims 20 and 21, even though Effingo cannot and does not dispute that the Accused Products are *not* two discrete earpiece assemblies, each of which has its own set of components. Beaman Decl., ¶¶ 4–7. Effingo admits that the Accused Products have only *one body* with a *single* set of components contained in a rear housing. *See, e.g.*, Lee Decl., Ex. 5 at p. 31 (Effingo's expert admitting that the Accused Products "are *joined* to a *single* 'casing for housing a plurality of components.'") (emphasis added). Even Effingo's expert admits that Motorola cannot literally infringe these claims 20 and 21 as a result of this undisputed fact. Lee Decl., Ex. 7 at 258:10–13.

Rather, Effingo has at the eleventh hour shifted to asserting a claim of infringement under the doctrine of equivalents.[2] The doctrine of equivalents, however, cannot be used to contradict the express language of a claim, and thus Effingo cannot assert a theory of equivalence that would "vitiate a claim limitation." *Carnegie Mellon Univ. v. Hoffmann-La Roche Inc.*, 541 F.3d 1115, 1129 (Fed. Cir. 2008); *see Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). To hold that a *single* set of components in a *shared* casing is the equivalent of *two discrete* casings, *each* having its *own* set of components, would vitiate the claim language and render it and the Court's construction of it meaningless. *See, e.g.*, *Asyst Tech., Inc. v. Emtrak, Inc.*, 402 F.3d 1188, 1195 (Fed. Cir. 2005) ("To hold that 'unmounted' is equivalent to 'mounted'

---

[2]   Effingo never alleged infringement under the doctrine of equivalents in its original or any supplemental response to Motorola's Interrogatories, and thus should be held to have waived that claim. *See* Lee Decl., Ex. 2 at pp. 4–5. Effingo first introduced this theory in its Expert Infringement Report served in January 2013, four months after the Court's claim construction ruling. Effingo does not rely on the doctrine of equivalents otherwise in this litigation.

would effectively read the 'mounted on' limitation out of the patent."); *see Planet Bingo, LLC v. Gametech Int'l, Inc.*, 472 F.3d 1338, 1345 (Fed. Cir. 2006) (the vitiation concept has its clearest application "where the accused device contain[s] the antithesis of the claimed structure").

Moreover, under the doctrine of equivalents, Effingo bears the burden of producing "particularized testimony and linking argument on a limitation-by-limitation basis that create[s] a genuine issue of material fact as to equivalents." *AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1328–29 (Fed. Cir. 2007). Effingo, however, cannot demonstrate that one of skill in the art would understand that a *single* set of components is the equivalent of *two discrete* casings, each having its own set of components. *Warner-Jenkinson*, 520 U.S. at 29 ("the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole"); *see* Lee Decl., Ex. 5 at pp. 33–34 (failing to equate the shared "casing" of the Accused Products to the discrete "casing" of the discrete "second earpiece assembly"). No reasonable fact finder could find that the undisputed structure of the Accused Products is the equivalent of what claims 20 and 21 require. *AquaTex*, 479 F.3d at 1328–29. Thus, Motorola is entitled to summary judgment as to claims 20 and 21. *Bayer*, 212 F.3d at 1247; *Wolverine*, 38 F.3d at 1199.

> **2.    The Accused Products Do Not Displace The "Bulk" of the Alleged "Casing" "To a Location Between The User's Ear and a Neckline of The User," as Claims 1–4 and 7 Require.**

In asserting infringement of claims 1–4 and 7, Effingo similarly ignores the Court's claim construction and, in fact, argues precisely what it told the Court at the *Markman* hearing that the claims *did not* cover. The Court construed the "location between the user's ear and a neckline of the user" in claim 1 to mean "a place between [1] a user's ear and [2] any point on the user's neckline." Dkt. No. 44 at pp. 7–8. At the *Markman* hearing, Motorola cautioned that Effingo sought a construction that resulted in the claimed area being the area between *a plane created by*

4

*the user's "earline" and a plane created by the user's "neckline."*  Lee Decl., Ex. 12 at 32:7–
35:10.  In response, Effingo assured the Court that it was not seeking to cover the area between
two planes, but instead between the ear and the neckline of a user.  *Id.* at 45:9–22 (Effingo does
not "want to take this . . . line to the horizon. … It's anywhere on a neckline of a user. …
[T]hat's what the claim is directed to.").  Indeed, Effingo demostrated its representation of the
claim limitation by attaching a string to a *point on the ear* of a glass head and swinging the
string to points along the neckline.  *Id.* at 15:22–16:24.

      Yet now, Effingo uses a hypothetical *"earline" plane* positioned at arbitrary angles as the
upper boundary of the "between" area, rather than the user's ear.  *See* Lee Decl., Ex. 7 at 143:8–
161:4, Exs. 6 & 8.  At his deposition, Effingo's expert (Stein) illustrated and shaded the area
Effingo considers to be "between the ear and any point on the user's neckline" in Exs. 6 & 8:



     *Stein Depo., Exhibit 6*                *Stein Depo., Exhibit 8*

Thus, Effingo extends a *plane* from the ear and a *plane* from the neckline in an attempt to
capture all shaded spaces therebetween as within the scope of claims 1–4 and 7.  This contention
cannot be correct because the shaded areas, as shown above, extend *well beyond the ear* and *well
beyond the neckline*, the umambiguous boundaries of the claimed area.

      Indeed, the Court has noted that "[a] neckline [] is a circular line around the entire neck,"
Dkt. No. 44 at p. 7, and also made it clear that a user's "neckline" is *confined* to points on the

user's neck, rather than extending beyond the user's neck, as Effingo now contends, *see, e.g.*, *id.* at p. 6 ("[It is] a simple fact that necklines – as the term suggests – lie on the neck."). Thus, Effingo's contention is contrary to the plain language of the claim ("between the user's *ear* and a *neckline* of the user"), the Court's construction, *see* Dkt. No. 44 at pp. 6–8, and statements and representations made by Effingo at the *Markman* hearing, *see* Lee Decl., Ex. 12 at 45:9–22.

Under the claim language as written and the Court's construction of it, there is no dispute that the Accused Products do ***not*** displace the alleged "bulk" of the alleged "casing" "to a location between the user's ear and a neckline of the user." As illustrated below, and as cannot be disputed, when worn the alleged "bulk" is positioned ***behind the user's head*** (often approximately level with the user's ear), and thereby outside of the area "between the user's ear and a neckline of the user."[3] *See* Beaman Decl. at ¶¶ 8–11.



Because Effingo cannot meet its burden to show any genuine issue of material fact as to infringement of the "between" limitation of claim 1, Motorola is entitled to summary judgment of non-infringement of that claim as well as dependent claims 2–4 and 7. *Bayer*, 212 F.3d at 1247; *Wolverine*, 38 F.3d at 1199.

---

[3] This annotation is based upon an illustration from the "S9 Motorola Bluetooth Active Headphones MOTOMANUAL." Lee Decl., Ex. 4, at MMI-EFF0000116. Effingo uses a similar figure throughout its Infringement Contentions and Expert Infringement Report in an effort to demonstrate infringement by the Accused Products. *See, e.g.*, Lee Decl., Ex. 13 (infringement contentions) at pp. 2, 6, 13, 18, 22, 23, 25, 27; Ex. 5 (infringement report) at p. 32.

**3.    The Accused Products Do Not Have a Distinct "Casing Support" to Couple the "Casing" to the "Ear Support."**

Similarly, the Accused Products also lack a "casing support."  All Asserted Claims require three separate structures: (1) an "ear support"; (2) a "casing"; and (3) a "casing support" to couple the "casing" to the "ear support."  *See, e.g.*, Lee Decl., Ex. 1, Claims 1, 12, and 20. Effingo argues that the claims do not require separate structures but, instead, "zones" of a single structure.  *See, e.g.*, Ex. 7 at 132:24–136:14.  Effingo's position, however, is at odds with the plain language of the claims.  Even the U.S. Patent Office recently found that the claims require separate structures for each of the claim elements, and thereby exclude uni-body devices.

More specifically, the U.S. Patent Office relied on this aspect of the claims in denying Motorola's request that the '793 Patent be re-examined in light of a prior art reference ("Jin") comprising a uni-body structured earpiece—"Jin, however, does not teach an ear support and a casing coupling to a portion of ear support. … In Jin, the casing is the ear support and the casing [] and the casing support."  Lee Decl., Ex. 14 at p. 4; *see also* Lee Decl., Ex. 15 at Fig. 1.  In defending the validity of the '793 Patent against the Jin reference, Effingo's expert similarly noted that "there is no casing support" in Jin because the casing is "directly connected" to the ear support.  Lee Decl., Ex. 16 at p. 24.

There is no dispute among the parties that the Accused Products do ***not*** have three separate structures corresponding to each of the alleged "ear support," "casing," and "casing support."  Rather, like in Jin, the alleged "casing support" of the Accused Products is the ***same structure*** as the alleged "ear support."  Beaman Decl. at ¶¶ 12–15.  The alleged "ear support" and alleged "casing support" are ***integrally formed*** as a "neckband."  *See id.*  Even Effingo's own expert admits that "the exact point where the S9's ear support ends and its casing support begins" is not "well defined."  Lee Decl., Ex. 5 at p. 19.  Thus, Effingo cannot satisfy its burden to

demonstrate any genuine issue of material fact as to whether the Accused Products have a discrete "casing support" structure, and Motorola is entitled to summary judgment of non-infringement of all Asserted Claims.  *Bayer*, 212 F.3d at 1247; *Wolverine*, 38 F.3d at 1199.

**B.      Claims 12–14 Are Rendered Obvious by Cummins and Are Therefore Invalid Under 35 U.S.C. § 103.**

Based on the manner in which Effingo is asserting claims 12–14 against the Accused Products (*see, e.g.*, Ex. 13 at pp. 12–21), these claims are invalid under 35 U.S.C. § 103 in view of U.S. Patent Application Publication 2001/0002928 ("Cummins") published June 7, 2001 (*four years* prior to the filing date of the '793 Patent).  Under 35 U.S.C. § 103, "[a] claimed invention is unpatentable if the differences between it and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the pertinent art."  *C.W. Zumbiel Co. v. Kappos*, 702 F.3d 1371, 1379 (Fed. Cir. 2012). Obviousness is a question of law based on four factors: "[1] the scope and content of the prior art, [2] the differences between the prior art and the claimed invention, [3] the level of ordinary skill in the field of the invention, and [4] any relevant objective considerations."  *Id.*

In *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 416 (2007),  the Supreme Court adopted a common-sense based obviousness test, holding that "[t]he combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results."  Specifically, "a court must ask whether the improvement is more than the predictable use of prior art elements according to their established functions."  *Id.* at 417.  Further, where the evidence is "not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate."  *Id.* at 427.  After *KSR*, the Federal Circuit has repeatedly held obvious as a matter of law claims involving combinations of known technology that yield a predictable result.  *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1324–28

(Fed. Cir. 2008); *Agrizap, Inc. v. Woodstream Corp.*, 520 F.3d 1337, 1343–44 (Fed. Cir. 2008); *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1160–63 (Fed. Cir. 2007).

As to obviousness factors 1 and 2,[4] Cummins discloses a wireless headset in which the components are housed in a compartment that, when worn, is located away from the ear and above the user's neckline.  *See* Lee Decl., Ex. 6 at Fig. 1.  Effingo's expert concedes that Cummins discloses the key elements of claim 12 (*i.e.*, "ear support"; "casing"; and "casing support"), the required displacement of the "casing" away from the ear, and the relative "bulk" of the "casing."  *See, e.g.*, Lee Decl., Ex. 7 at 177:15–178:11 (ear support), 175:10–14 (speaker), 179:18–180:12 (casing); 180:13–18 (away), 179:3–10 (bulk).[5]  The annotated figure below illustrates the elements that Effingo's expert admits are disclosed by Cummins:



The only limitation of claim 12 that Effingo's expert does not admit Cummins discloses is an "actuator" at the "ear support" "to serve as a physical controlling interface for the user"—

---

[4] Regarding factor 3, Effingo asserts that "the level of ordinary skill in the art, as pertains to the '793 Patent, would be an undergraduate degree in mechanical engineering (or an equivalent amount of industry experience) and familiarity with headset design for telecommunications type of audio headsets." Lee Decl., Ex. 5 at p. 14.  For the limited purposes of this Motion, Motorola does not dispute this assertion, which is not material to the outcome here in any event. Regarding factor 4, Effingo's expert on validity issues pointed to no objective considerations that are relevant to the specific obviousness issues raised here with regard to claims 12–14.

[5] Effingo's expert did not deny the disclosure of a "casing support" in Cummins in his rebuttal report to Motorola's Expert Report regarding Invalidity.  *See* Ex. 16 at pp. 14–17.

that is, an on-off button or switch.  It would have been obvious to one of skill in the art, however, to include a button or switch, which was well-known in the art at the time of the alleged invention, on the ear support for the user to control the device.  Beaman Decl. at ¶¶ 16–25.

Effingo never contended that an actuator or the position of the actuator on the ear support was a novel aspect of the '793 Patent.  *See* Lee Decl., Ex. 7 at 118:22–119:2.  Indeed, the specification of the '793 Patent describes the ear support as merely "a good candidate" for location of the actuator, because placing it there allows the actuator to be both "easily accessible to the user 175 and stably supported by the ear 177 of the user 175."  Lee Decl., Ex. 1, Col. 5, ll. 38–45.  This common-sense notion shows the obviousness of this feature.  Likewise, the Patent Office deemed the location of an actuator to be a mere "design choice."  Lee Decl., Ex. 17, p. 15.

The Federal Circuit has affirmed summary judgment of invalidity on obviousness grounds where "common sense" suggested that the combination or missing feature would be obvious.  *See, e.g.*, *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1328–31 (Fed. Cir. 2009).  Likewise, here, since Effingo's expert admits that Cummins discloses all features of claim 12 except one (and *all* allegedly novel features), whether the inclusion of a simple on-off switch or button on the ear support would have been obvious does not warrant a jury trial.  *See W. Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1371–72 (Fed. Cir. 2010) (reversing district court's denial of JMOL on obviousness after jury trial, and finding claims obvious as a matter of law).  Thus, claim 12 is invalid under § 103.[6]

## III.    Conclusion

For the above reasons, Motorola's motion for summary judgment should be granted.

---

[6] Dependent claims 13 and 14, which respectively concern the specific location and configuration of the claimed "actuator," are invalid for similar reasons.  *See W. Union*, 626 F.3d at 1371–72; Beaman Decl., ¶¶ 16–25.  Accordingly, claims 13–14 also are invalid under § 103.

Dated: March 1, 2013     Respectfully submitted,

          By:  /s/ Steven D. Moore
              Steven D. Moore
              smoore@kilpatricktownsend.com
              (*pro hac vice* admission)
              Russell A. Korn
              rkorn@kilpatricktownsend.com
              (*pro hac vice* admission)
              Joshua H. Lee
              jlee@kilpatricktownsend.com
              (*pro hac vice* admission)

          KILPATRICK TOWNSEND & STOCKTON LLP
          1100 Peachtree St. NE, Suite 2800
          Atlanta, Ga 30309-4530
          Telephone: 404-815-6500
          Fax: 404-815-6555

              Steve McConnico
              State Bar No.: 13450300
              smcconnico@scottdoug.com
              Paige Arnette Amstutz
              State Bar No.: 00796136
              pamstutz@scottdoug.com
              Steve Wingard
              State Bar No.: 00788694
              swingard@scottdoug.com

          SCOTT, DOUGLAS & MCCONNICO, LLP
          600 Congress Avenue, Suite 1500
          Austin, Texas 78701
          Telephone: 512-495-6300
          Fax: 512-474-0731

          ***Attorneys for Defendant and Counterclaim***
          ***Plaintiff Motorola Mobility LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2013, I caused the foregoing document to be electronically filed with the clerk of court for the U.S. District Court, Western District of Texas, using the court's CM/ECF system, which will send notice of such filing to all attorneys of record.

<u>/s/ Steven D. Moore</u>