IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| EFFINGO WIRELESS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. SA-11-CA-649 |
| | § | |
| MOTOROLA MOBILITY, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Effingo Wireless, Inc. brings this civil action against Defendant Motorola Mobility, Inc. claiming infringement of its United States Patent No. 7,505,793 (the '793 Patent). A *Markman* hearing was held on August 14, 2012 and the Court entered an order regarding claim construction on September 14, 2012. The parties have each filed motions for summary judgment, responses, and replies. Having considered the motions, the Court finds that the motion of Motorola should be granted in part and denied in part and that the motion of Effingo should be denied.

### I. Introduction

The '793 Patent concerns a wireless earpiece assembly that is directed to displacing the bulk of the components of the earpiece away from the user's ear to a place between the user's ear and neckline. The design is intended to decrease user discomfort while wearing a wireless earpiece. Effingo accuses a group of Motorola headphones (the Accused Products) of infringing claims 1-4, 7, 12-14, and 20-21 of the '793 Patent. Effingo has filed a motion

seeking summary judgment in its favor that the Accused Products infringe claims 1-4, 7, and 12-14. Motorola has filed a motion seeking summary judgment that (1) the Accused Products do not infringe the '793 Patent; and (2) claims 12-14 are invalid for obviousness.

## II. Claims 1-4 & 7

Claim 1 of the '793 Patent describes:

> A wireless earpiece assembly comprising:
> an ear support having a portion for positioning a speaker at a user's ear;
> a casing coupling to a portion of said ear support and of a bulk for housing a plurality of components of the earpiece assembly; and
> a casing support to provide the coupling and displace the bulk of said casing to a location between the user's ear and a neckline of the user, the bulk of said casing exceeding that of said ear support and that of said casing support.

U.S. Patent No. 7,505,793 col.8 l.21-31. Claims 2-4 and 7 incorporate the description in Claim 1. Motorola argues that it is entitled to summary judgment with respect to Claim 1 of the '793 Patent because the Accused Products (1) do not displace the bulk of the casing to a location between the user's ear and neckline; and (2) do not have three separate structures of (a) "ear support"; (b) "casing"; and (c) "casing support", but are instead unitary structures made up of one single "neckband." Effingo argues that the summary judgment evidence establishes that the Accused Products infringe Claim 1 of the '793 Patent as a matter of law. The Court finds that there are genuine issues of material fact as to

infringement of Claim 1 and, consequently, neither party is entitled to summary judgment on Claims 1-4 or 7.

Effingo argues that it has established that the Accused Products are "wireless earpiece assemblies" in that each is worn on or at the user's ear and allows him to listen wirelessly to music and to place and receive telephone calls. As evidence of this assertion, they have produced the report of their expert, Matthew Stein. In that report, Stein opines that a "headset" and an "earpiece assembly" are interchangeable terms. Furthermore, the '793 Patent provides that "earpiece assemblies" "may include single ear earpiece assemblies or those delivering sound to both of a user's ears in stereo akin to traditional headphones." U.S. Patent No. 7,505,793 col.2 1.56-58. Motorola has produced no evidence disputing this assertion, so the Court will consider this element established.

Effingo next argues that each of the accused products has an "ear support" that positions the speaker at the user's ear and a "casing support" that displaces the bulk of the casing away from the user's ear. Motorola argues that there is a genuine issue of material fact as to whether the Accused Products have an "ear support" and that it has established as a matter of law that the Accused Products do not have a "casing support." Its argument hinges on the assertion that the Accused Products are unitary structures rather than combination of distinct parts. That is,

because there is no separate "ear support" and "casing support" structure within the overall headset, the products do not infringe the '793 Patent. Each party has provided expert testimony regarding whether the Accused Products contain ear and casing supports. Predictably, the experts disagree. Because each side has presented evidence supporting its assertions, there is a genuine issue of material fact as to this question and summary judgment in favor of either side would be inappropriate. Furthermore, because there is a genuine issue of material fact as to one element of infringement, Effingo's motion for summary judgment is unavailing. The remaining analysis of Claims 1-4 and 7 will focus on Motorola's motion for summary judgment of non-infringement.

Motorola's remaining argument that the Accused Products do not infringe Claims 1-4 and 7 is based on the hotly disputed issue of how to delineate the area "between the ear and the neckline." Motorola argues that, because the Accused Products undisputedly displace the bulk of the casing away from the user's ear to a place behind the user's neck, they do not displace the casing to a place "between the user's ear and the neckline." It asserts that, in order to be between the ear and the neckline, an object must either be directly beneath the ear or implanted into the neck. An object positioned directly behind and even touching the neck, Motorola contends, cannot be described as positioned "between the ear and the neckline." Each party has again presented expert testimony.

Effingo's expert predictably concludes that the area behind the neck is between the ear and the neckline. Motorola's expert, unsurprisingly, finds the opposite. Having considered the plain meaning of the word "neckline,"[1] the Court's construction of the term "between the ear and the neckline," and the evidence presented by both sides, the Court finds that an object immediately behind the neck falls within the space between a user's ear and neckline, and so a reasonable juror could find that the Accused Product displaces the bulk of the components to a position between the user's ear and neckline. Consequently, summary judgment as to Claims 1-4 and 7 is inappropriate.

### III. Claims 12-14

Claim 12 of the '793 Patent describes:

A wireless earpiece assembly comprising:
an ear support having a portion for positioning a speaker at a users's ear and an actuator to serve as a physical controlling interface for the user;
a casing coupling to another portion of said ear support and housing a plurality of components of the earpiece assembly; and
a casing support to provide the coupling and displace a bulk of said casing away from the ear to a location above a neckline of the user, the bulk of said casing exceeding that of said ear support and that of said casing support.

U.S. Patent No. 7,505,793 col.9 l.4-14. Claims 13 and 14 incorporate the description in Claim 12. Effingo seeks summary

---

[1] Despite the parties' assertions to the contrary, the Court did not construe the term "neckline" in its Order on Claim Construction, holding instead that a finder of fact would readily understand the plain meaning of the term and that it did not require construction.

-5-

judgment that the Accused Products infringe the '793 Patent. As discussed in the previous section, because there is a genuine issue of material fact as to whether the Accused Products contain an "ear support" and "casing support," Effingo's motion for summary judgment must be denied. Motorola seeks summary judgment that Claims 12-14 are invalid for obviousness.

"A claimed invention is unpatentable if the differences between it and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the pertinent art." **C.W. Zumbiel Co. v. Kappos**, 702 F.3d 1371, 1379 (Fed. Cir. 2012). A determination of obviousness is a question of law based on four factual inquiries: (1) the scope and content of the prior art; (2) the differences between the prior art and the claimed invention; (3) the level of ordinary skill in the field of invention; and (4) any relevant objective considerations. **Id.** A design that is simply a "combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." **KSR Int'l Co. v. Telefax Inc.**, 550 U.S. 398, 416 (2007). The Court must determine, then, whether "the improvement is more than the predictable use of prior art elements according to their established functions." **Id.** at 417.

In support of its argument that Claims 12-14 are invalid for obviousness, Motorola presents U.S. Patent Application Publication

2001/0002928 (Cummins), published June 7, 2001, four years prior to the filing of the '793 Patent. Cummins discloses a wireless earpiece assembly with an ear support, casing, and casing support, that displaces the bulk of the components to a location above the user's neckline. Cummins does not disclose, however, an "actuator" at the user's ear to serve as a physical controlling interface for the user. In fact, none of the prior art included in the record of this case includes an actuator on the ear support. Motorola argues that the inclusion of an actuator on the ear support would have been obvious to one of ordinary skill in the art. Effingo disagrees. Each party presents an expert who offers testimony in support of their respective positions. The experts predictably disagree with each other. Their testimony demonstrates that there is a genuine issue of material fact that precludes summary judgment on this issue.

### IV. Claims 20-21

Claims 20 and 21 of the '793 Patent describe:

20. A method of wirelessly employing earpiece assemblies and comprising:
securing an ear support of a first earpiece assembly at a user's first ear; and
securing an ear support of a second earpiece assembly at a user's second ear, the first earpiece assembly and the second earpiece assembly each further including a speaker, a casing for housing a plurality of components of the respective assembly, and a casing support to displace bulk of the casing away from the respective ear to a location above the neckline of the user, the bulk exceeding that of the ear support and the casing support.
21. The method of claim 20 further comprising delivering stereo sound to the user's first and second ears with the speakers of the

first and second earpiece assemblies.

U.S. Patent No. 7,505,793 col.10 l.15-29. The Court has construed the phrase "the first earpiece assembly and the second earpiece assembly each further including" to mean "two discrete earpiece assemblies, each of which contain the following components: . . . ." Order Regarding Claim Construction, Doc. No. 44 at 9. Motorola moves for summary judgment that the Accused Products do not infringe these claims because it is undisputed that they do not contain two discrete earpiece assemblies. Effingo argues that, despite their lack of two discrete earpiece assemblies, the Accused Products nonetheless infringe upon the '793 Patent under the doctrine of equivalents.

Pursuant to the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." **Warner-Jenkinson Co. v. Hilton Davis Chem. Co.**, 520 U.S. 17, 21 (1997). However, the doctrine of equivalents cannot be applied so broadly as to eliminate an element of a claim entirely. **Id.** at 29. Use of the doctrine is restricted by the "all limitations rule," which prevents its application when doing so would vitiate a claim limitation. **Id.** In determining whether application of the doctrine of equivalents vitiates a claim limitation, the Court must consider

"the totality of the circumstances and determine whether the alleged equivalent can be fairly characterized as an insubstantial change from the claimed subject matter without rendering the pertinent limitations meaningless." **Freedman Seating Co. v. Am. Seating Co.**, 420 F.3d 1350, 1359 (Fed. Cir. 2005).

In the instant case, the Court finds that a determination that a dual-ear embodiment and a traditional headphone embodiment are equivalent would render the "each further including" limitation meaningless and would thus vitiate that claim limitation. The Court notes that the patentee in Claims 20 and 21 intentionally referenced multiple "earpiece assemblies" with independent components throughout these claims. Because none of the Accused Products contain multiple earpiece assemblies, Motorola is entitled to summary judgment in its favor as to Effingo's claims of infringement of Claims 20 and 21 of the '793 Patent.

### V. Conclusion

The summary judgment evidence establishes that Motorola is entitled to judgment in its favor as a matter of law as to Effingo's claims of infringement of Claims 20 and 21 of the '793 Patent. Genuine issues of material fact preclude summary judgment as to Claims 1-4, 7, and 12-14.

It is therefore ORDERED that the motion for summary judgment of Defendant Motorola Mobility, LLC (Doc. No. 65) be, and it is hereby, GRANTED with respect to Plaintiff's claims of infringement

of Claims 20 and 21.

It is further ORDERED that, in all other respects, the motion for summary judgment of Defendant Motorola Mobility, LLC be, and it is hereby, DENIED.

It is further ORDERED that the motion for summary judgment of Plaintiff Effingo Wireless, Inc. (Doc. No. 62) be, and it is hereby, DENIED.

SIGNED AND ENTERED THIS 16th day of April, 2013.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE