IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EFFINGO WIRELESS, INC. | § | |
| | § | |
| Plaintiff/Counter-Defendant | § | |
| | § | |
| vs. | § | Case No. 5:11-CV-00649—HLH |
| | § | |
| MOTOROLA MOBILITY LLC | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant/Counter-Plaintiff | § | |

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE
ANY REFERENCE TO THE ILLNESS OF THE WIFE OF PLAINTIFF'S TECHNICAL
EXPERT IN THE PRESENCE OF THE JURY, AND BRIEF IN SUPPORT**

Defendant Motorola Mobility LLC ("Motorola") anticipates that Plaintiff Effingo Wireless, Inc. ("Effingo") will offer testimony of its technical expert, Matthew Stein, at trial in this case. Mr. Stein has provided written reports regarding both alleged infringement and validity of U.S. Patent No. 7,505,793. On February 18, 2013, after submitting his infringement and validity reports, Mr. Stein was deposed. During his deposition, Mr. Stein volunteered that his wife suffered an illness that has required Mr. Stein to perform caregiving during the course of his work in connection with this case.[1] Lee Decl., Ex. A, Stein Dep. 137:23-25; 215:8-13; 220:8-23. On three separate occasions during his deposition, Mr. Stein cited his wife's illness and required caregiving when asked by Motorola's counsel why he had not performed certain testing or reviewed certain materials in reaching the opinions expressed in his reports. *Id*. Mr. Stein offered the illness and associated caregiving duties as reasons for his failure to perform testing or to review materials. *Id*.

---

[1] Effingo informed Motorola of Mr. Stein's wife's illness during expert discovery and, at Effingo's request, Motorola agreed to extend deadlines for Mr. Stein's expert reports.

US2008 4527388 4

Motorola expresses its deepest sympathy to Mr. Stein and his wife, but respectfully submits that any reference to the illness of Mr. Stein's wife before the jury would be irrelevant and unfairly prejudicial to Motorola, particularly if offered in response to a challenge by Motorola as to the thoroughness of Mr. Stein's expert analysis.  Motorola therefore requests an order precluding any reference to the past or current illness of Mr. Stein's wife, or to Mr. Stein's efforts to care for his wife, while in the presence of the jury.

As an initial matter, the illness of Mr. Stein's wife is irrelevant, and thus inadmissible, under Federal Rule of Evidence 402.  Mr. Stein was hired and compensated by Effingo to offer his opinions on the questions of infringement and validity.  Mr. Stein's failure to review certain materials or to perform certain testing in forming his opinions is highly relevant to the bases of Mr. Stein's opinions and the weight they should be given.  But personal reasons for his failure to perform that testing or to review those materials are irrelevant.  Quite simply, Mr. Stein's wife's illness is not relevant as to whether Effingo's patent is valid or whether Motorola infringed it.  If Mr. Stein or Effingo believed that Mr. Stein's personal situation would prevent him from performing relevant testing or reviewing relevant materials, it certainly would have been possible for Effingo to retain a different expert.  Effingo did not do so, and should not now be able to offer a highly sympathetic, but irrelevant, excuse for weaknesses in Mr. Stein's analysis.

Further, even if Mr. Stein's wife's illness were relevant—which it is not—the Court should exclude as unfairly prejudicial any mention of the illness or Mr. Stein's caregiving duties in the presence of the jury.  Federal Rule of Evidence 403 states in pertinent part that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."  The Advisory Committee's Note to Rule 403 further states that "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not

necessarily, an emotional one." Revealing that a close family member has suffered a severe illness certainly will elicit an emotional response from the jury. That sympathy will likely cloud the jury's evaluation of the bases upon which Mr. Stein formed his opinions. A sympathetic excuse for failing to perform relevant analysis may inspire the jury to overlook those weaknesses or holes in the analysis. Further, the jury may determine to weigh Mr. Stein's opinions more heavily because of their emotional response to his personal situation. It would be unfairly prejudicial to Motorola for an emotional response to Mr. Stein's wife's illness to cloud the judgment of the jury. The way to avoid this threat of unfair prejudice is to preclude any mention of the illness of Mr. Stein's wife, or Mr. Stein's caregiving duties, before the jury. Motorola respectfully moves the Court to do just that.

For all of the foregoing reasons, Effingo, its counsel and its witnesses, including but not limited to Mr. Stein, should be precluded from referring to or eliciting testimony about the past or current illness of Mr. Stein's wife, or Mr. Stein's efforts to care for his wife, while in the presence of the jury.

Dated: April 29, 2013.                    Respectfully submitted,

                                          By:   /s/ Steven D. Moore
                                                Steven D. Moore
                                                smoore@kilpatricktownsend.com
                                                (*pro hac vice* admission)
                                                Russell A. Korn
                                                rkorn@kilpatricktownsend.com
                                                (*pro hac vice* admission)
                                                Joshua H. Lee
                                                jlee@kilpatricktownsend.com
                                                (*pro hac vice* admission)

        KILPATRICK TOWNSEND & STOCKTON LLP
        1100 Peachtree St. NE, Suite 2800
        Atlanta, Georgia 30309-4530
        Telephone: 404-815-6500
        Fax: 404-815-6555

        Steve McConnico
        State Bar No. 13450300
        smcconnico@scottdoug.com
        Paige Arnette Amstutz
        State Bar No. 00796136
        pamstutz@scottdoug.com
        Steve Wingard
        State Bar No. 00788694
        swingard@scottdoug.com

        SCOTT, DOUGLASS & MCCONNICO, LLP
        600 Congress Avenue, Suite 1500
        Austin, Texas 78701
        Telephone: 512-495-6300
        Fax: 512-474-0731

        ***Attorneys for Defendant/Counter-Plaintiff Motorola Mobility LLC***

## CERTIFICATE OF SERVICE

    I hereby certify that on April 29, 2013, I caused the foregoing document to be electronically filed with the clerk of court for the U.S. District Court, Western District of Texas, using the court's CM/ECF system, which will send notice of such filing to all attorneys of record.

        /s/ Steven D. Moore

## CERTIFICATE OF CONFERENCE

    I hereby certify that on April 29, 2013, counsel for Motorola conferred with counsel for Effingo regarding the relief requested in this Motion.  Effingo opposes the relief requested in this Motion.

        /s/ Steven D. Moore